UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY MUELLER, et al.,

    Plaintiffs,

v.

OXFORD COMMUNITY SCHOOL
DISTRICT, et al.,

    Defendants.

No. 22-cv-11448

Hon. Mark A. Goldsmith

**REPLY BRIEF IN SUPPORT OF DEFENDANT
ACME SHOOTING GOODS, LLC'S MOTION TO DISMISS**

4857-9265-8232_1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................1

    I.   This action should be immediately dismissed under the PLCAA....................1

    II.  The predicate exception does not apply. ........................................................2

        a.  Plaintiffs have not plausibly alleged that Acme knew James Crumbley was a straw buyer. ....................................................................................2

        b.  The public nuisance statute cannot be relied on to establish the predicate exception.................................................................................................4

    III. Plaintiffs have not plausibly alleged a negligent entrustment claim. ...............5

    IV. Any claim that does not fall within an exception to the PLCAA must be dismissed..........................................................................................................6

    V.  The PLCAA is constitutional. ..........................................................................7

CERTIFICATE OF SERVICE ..................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Adames v. Sheahan*, 909 N.E.2d 742, 764 (Ill. 2009)..................................................7
*Buczkowski v. McKay*, 490 N.W.2d 330, 335 (Mich. 1992).......................................4
*City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 390 (2d. Cir. 2008)..........5
*Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 322 (Mo. 2016)...................... 1, 2, 6, 7
*District of Columbia v. Beretta U.S.A. Corp.*, 940 A.2d 163, 172 (D.C. 2008)........7
*Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 384 (Alaska 2013).........2, 7
*Fredericks v. GM Corp.*, 311 N.W.2d 725, 727 (Mich. 1981).................................5
*Gustafson v. Springfield, Inc.*, 2022 PA Super 140....................................................7
*Haddad v. Tsoukalas*, unpublished per curiam opinion of the Court of Appeals,
    issued Jan. 12, 2006 (Docket No. 256659)............................................................5
*Ileto v. Glock, Inc.*, 565 F.3d 1126, 1132 (9th Cir. 2009) .......................................5, 7
*Muscat v. Khalil*, 388 N.W.2d 267 (Mich. Ct. App. 1986) ........................................6
*Phillips v. Lucky Gunner, LLC,* 84 F. Supp. 3d 1216, 1222 (D. Colo. 2015) .......2, 7
*Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1146 n.3 (D. Nev. 2019) 1, 7
*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) ....................4
*Travieso v. Glock Inc.*, 526 F. Supp. 3d 533, 536 (D. Ariz. 2021).........................1, 7
*United States v. Carney*, 387 F.3d 436, 442 (6th Cir. 2004) .....................................3

**Statutes**

15 U.S.C. § 7903 (5)(A)(iii).........................................................................................4
MCL § 600.3801 ..........................................................................................................4
The Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 et seq.  passim

## INTRODUCTION

Acme Shooting Goods, LLC legally sold a firearm to James Crumbley. James Crumbley's son, E.C., somehow obtained access to the firearm days later. Plaintiff E.M. alleges that E.C. shot him with the firearm bought by James Crumbley during the tragic shooting at Oxford High School on November 30, 2021. Plaintiffs seek to hold Acme responsible for the shooting, alleging that Acme knew that E.C. was the actual buyer of the firearm, not his father. But the Complaint contains no allegations that would establish that Acme knew or should have known that James Crumbley was not the actual buyer. The Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 et seq., protects Acme from exactly this type of lawsuit.

## ARGUMENT

**I.     This action should be immediately dismissed under the PLCAA.**

This case is a "qualified civil liability action" under the PLCAA. 15 U.S.C. § 7903(5)(A). ECF No. 42, PageID.268-277. The action "may not be brought in any Federal or State court" and must be "immediately dismissed." 15 U.S.C. § 7902.

Plaintiffs argue that principles of federalism require a narrow interpretation of "qualified civil liability action" and that the PLCAA does not apply. That argument has been rejected. *Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 322 (Mo. 2016); *Travieso v. Glock Inc.*, 526 F. Supp. 3d 533, 536 (D. Ariz. 2021); *Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1146 n.3 (D. Nev. 2019).

Plaintiffs also argue that only those actions that are "solely caused" by criminal conduct of a third party are barred by the PLCAA. That argument too has been rejected. *Phillips v. Lucky Gunner, LLC,* 84 F. Supp. 3d 1216, 1222 (D. Colo. 2015); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380, 384 (Alaska 2013); *Delana*, 486 S.W.3d at 322.

## II.  The predicate exception does not apply.

### a.  Plaintiffs have not plausibly alleged that Acme knew James Crumbley was a straw buyer.

Under the PLCAA, a qualified civil liability action "shall not include…an action in which a manufacturer or seller of a qualified product *knowingly violated* a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought" (the "predicate exception"). 15 U.S.C. § 7903(5)(A)(iii) (emphasis added).

Plaintiffs allege that Acme *knowingly* violated state and/or federal laws because it had "constructive knowledge" that James Crumbley was a "straw purchaser based on observing a collection of red flags." ECF No. 46, PageID.356. According to plaintiffs, the "red flags" are (1) that E.C. was in the store with his father at the time of the sale, and (2) "public statements made by E.C. and his mother *after the purchase* of the Acme gun…labeled the gun as intended for E.C." *Id.* at PageID.357 (emphasis added).

2

As explained in Acme's motion, E.C.'s mere presence in the store is not enough to show that Acme knew E.C. would be the actual buyer of the firearm. Plaintiffs do not allege what behaviors, if any, James Crumbley and E.C. exhibited at the time of the sale. They do not allege that E.C. chose the firearm; he spoke with Acme employees about the firearm; he handled the firearm; he negotiated the sale; he paid for the firearm; or that he participated *in any way* in the sale.

The cases that plaintiffs rely upon all contain alleged facts or "red flags" about the actions and behaviors of the parties involved in the sale, which would have alerted the retailer of a straw sale. ECF No. 46, PageID.351. In each case, the unlawful purchaser handles every part of the transaction from selecting the firearm to its purchase, while the straw purchaser does little other than fraudulently completing the ATF Form 4473.

Consider the facts surrounding the straw purchases in the case heavily relied upon by plaintiffs, *United States v. Carney*, 387 F.3d 436, 442 (6th Cir. 2004). In *Carney,* the convicted felon selected the handguns without participation of the straw buyers, assisted the straw buyers in filling out of the requisite ATF Forms 4473, negotiated the purchases, and personally carried each item out of the store. In this case, James Crumbley handled every part of the sale and there is no allegation whatsoever that E.C. participated in any way. ECF No. 42-2 PageID 301-302.

3

Plaintiffs also argue that it should be inferred that Acme knew E.C. was the actual buyer because *post-sale statements* and conduct on social media show what *could have* happened at the time of the sale. The relevant inquiry is what Acme knew *at the time of the sale*, not after. Acme has no obligation to inquire into a customer's intended use of a product, let alone monitor anyone's use of a firearm after a sale. *Buczkowski v. McKay*, 490 N.W.2d 330, 335 (Mich. 1992) (holding that a retailer has no duty to inquire about a customer's intended use of a product).

Plaintiffs cite *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579 (6th Cir. 2012) and *Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, 207 F. Supp. 3d 746 (E.D. Mich. 2016) to argue that the Court can infer that Acme knew E.C. was the actual buyer based on post-sale conduct. Neither case even remotely stands for this proposition; neither case addresses a situation like this one; and neither case even suggests that such a broad inference is permissible.[1]

### b. The public nuisance statute cannot be relied on to establish the predicate exception.

To trigger the predicate exception, the predicate statute must be "applicable to the sale or marketing of the [qualified] product." 15 U.S.C. § 7903(5)(A)(iii). Plaintiffs rely on Michigan's public nuisance statute (MCL § 600.3801), but it is not

---

[1] Plaintiffs request leave to amend the complaint. But plaintiffs do not provide what additional facts can be added to their claim. Without those facts, amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000).

4

applicable to the sale or marketing of a firearm. Courts have rejected similar arguments based on similar statutes. *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1132 (9th Cir. 2009); *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 390 (2d. Cir. 2008).

### III. Plaintiffs have not plausibly alleged a negligent entrustment claim.

To establish negligent entrustment, both the PLCAA and Michigan law require plaintiffs to allege that Acme knew or should have known of the unreasonable risk propensities of the entrustee (James Crumbley). 15 U.S.C. § 7903(5)(B); *Fredericks v. GM Corp.*, 311 N.W.2d 725, 727 (Mich. 1981). The Michigan Supreme Court has also held that "[t]o prove an entrustor should have known an entrustee was likely to use the entrusted chattel in an unsafe manner, peculiarities of the entrustee sufficient to put the entrustor on notice of that likelihood must be demonstrated." *Id.*

The first issue with plaintiffs' claim is that they have not adequately alleged entrustment. Plaintiffs do not allege that Acme transferred possession of the firearm to E.C. They instead posit an indirect entrustment theory—that Acme entrusted the firearm to James, who then entrusted it to E.C.[2] Plaintiffs do not cite a single case that accepts such an indirect theory of negligent entrustment.

---

[2] Plaintiffs' reliance on the Restatement (Second) of Torts to support this argument is mistaken. After citing the Restatement, *Haddad v. Tsoukalas*, unpublished per curiam opinion of the Court of Appeals, issued Jan. 12, 2006 (Docket No. 256659)

5

The second issue with plaintiffs' claim is that they must allege James Crumbley was likely to use the product in a manner "involving unreasonable risk of physical injury to" others or that there were certain peculiarities of James Crumbley to put Acme on notice of an unreasonable risk. As shown above, there are no allegations in the Complaint sufficient to show that Acme was on notice that James Crumbley was likely to use the firearm in an unsafe manner or that Acme was aware of any peculiarities.

**IV. Any claim that does not fall within an exception to the PLCAA must be dismissed.**

Plaintiffs argue that if they can establish a predicate exception (they cannot), then the entire "action" should proceed, including their claims for negligent entrustment, negligence, and public nuisance. Contrary to plaintiffs' assertion, courts have hardly reached a "consensus" on this issue. Rather, state and federal courts alike have held that individual causes of action that do not fall within the exceptions to the PLCAA must be immediately dismissed. *See Delana*, 486 S.W.3d

---

at 6-7 explained that "[s]ubsequently, the Michigan Supreme Court, in *Fredericks* [ ], clarified the applicable standard of care…" After examining the Restatement approach, *Fredericks* "further refin[ed] … the applicable standard of care … [making it] clear that, in order to prove negligent entrustment, plaintiffs must show either that defendant knew the entrustee was not to be entrusted or that defendant had special knowledge of [the entrustee] which would put defendant on notice." *Muscat v. Khalil*, 388 N.W.2d 267 (Mich. Ct. App. 1986).

6

at 316; *Ileto,* 565 F.3d at 1136; *Beretta,* 524 F.3d at 403; *Estate of Kim ex rel.*, 295 P.3d at 392-96.

V. **The PLCAA is constitutional.**

In a last-ditch effort, plaintiffs argue that if the PLCAA bars their claims, then the Act itself is unconstitutional because it violates the Commerce Clause, the Tenth Amendment to the United States Constitution, and their rights to due process and equal protection. Almost[3] "[e]very federal and state appellate court to address the constitutionality of PLCAA has found it constitutional" in "sound" decisions. *Phillips,* 84 F. Supp. 3d at 1222.[4] Though not yet litigated in Michigan or the Sixth Circuit, the decisions are instructive. The PLCAA is constitutional.

                                                Respectfully submitted,

                                                By:  */s/Donovan S. Asmar*
Thomas J. Rheaume, Jr. (P74422)
Donovan S. Asmar (P77951)
Bodman PLC
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000

Dated: October 11, 2022               Attorneys for Defendant Acme Shooting Goods, LLC

---

[3] The sole exception of which Acme is aware is a non-binding, recent decision by an intermediate appellate court in Pennsylvania, *Gustafson v. Springfield, Inc.*, 2022 PA Super 140.

[4] *See Ileto*, 565 F.3d at 1132; *Beretta*, 524 F.3d at 394-95; *Adames v. Sheahan*, 909 N.E.2d 742, 764 (Ill. 2009); *Estate of Kim ex rel.*, 295 P.3d at 386; *District of Columbia v. Beretta U.S.A. Corp.*, 940 A.2d 163, 172 (D.C. 2008); *Delana*, 486 S.W.3d at 321; *Prescott*, 410 F. Supp. 3d at 1146; *Travieso*, 526 F. Supp. 3d at 536.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Donovan S. Asmar*
Donovan S. Asmar (P77951)

8