# EXHIBIT 5

Caution
As of: September 23, 2022 10:46 PM Z

# Rhodes v. R&L Carriers, Inc.

United States Court of Appeals for the Sixth Circuit

August 6, 2012, Filed

File Name: 12a0841n.06

No. 11-3054

**Reporter**
491 Fed. Appx. 579 *; 2012 U.S. App. LEXIS 16534 **; 2012 FED App. 0841N (6th Cir.); 115 Fair Empl. Prac. Cas. (BNA) 1331; 19 Wage & Hour Cas. 2d (BNA) 766; 2012 WL 3156437

EUGENE RHODES, Plaintiff-Appellant, v. R&L CARRIERS, INC., et al., Defendants-Appellees.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History: [**1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.

*Rhodes v. R&L Carriers, Inc., 2010 U.S. Dist. LEXIS 143069 (S.D. Ohio, Dec. 22, 2010)*

## Core Terms

district court, amended complaint, motion to dismiss, alleges, retaliation, promise, promissory estoppel, employees, amend, hiring, age discrimination, human resources, factual allegations, practices, benefits, hiring decision, leave to amend, disability, violations, quotation, pleaded, survive, marks

## Case Summary

### Procedural Posture

Plaintiff former employee filed a complaint alleging Family and Medical Leave Act (FMLA) retaliation; retaliation under *Ohio Rev. Code Ann. § 4112.02*; age discrimination in violation of *§ 4112.02*; and promissory estoppel. Defendants, a former employer and others, filed a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*. The United States District Court for the Southern District of Ohio granted the motion to dismiss. The employee appealed.

### Overview

As to the retaliation claims, the complaint alleged the employer's various unlawful actions, the employee's opposition to these practices, and his termination mere months after expressing this opposition, despite the "great" work he performed while at the company. The court found that the employee pled a plausible claim that the employer retaliated against him for opposing the employer's unlawful employment and employee benefits practices. The employee's age discrimination claim survived the motion to dismiss because the employee's pleading of express statements indicating an unlawful and discriminatory use of age satisfied the plausibility requirement because the employee's allegations, if true, could have constituted direct discrimination and discovery might have uncovered such direct evidence. The employee's reliance on the employer's promise of employment until retirement was insufficient to state a claim for promissory estoppel under Ohio law. Finally, because the district court erred in dismissing the employee's complaint, it was further error and an abuse of discretion to extend an erroneous and heightened pleading standard as a justification for denying leave to amend.

### Outcome

The district court's dismissal of the promissory estoppel claim was affirmed. The district court's dismissal of the remaining three claims was reversed. The case was remanded for further proceedings.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

**HN1[] Standards of Review, De Novo Review**

An appellate court reviews a district court's dismissal of a complaint under *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon which relief can be granted de novo.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN2[] Complaints, Requirements for Complaint**

Under the Federal Rules of Civil Procedure, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2)*.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN3[] Motions to Dismiss, Failure to State Claim**

A complaint attacked by a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss does not need detailed factual allegations, however, it must assert sufficient facts to provide the defendant with fair notice of what the claim is and the grounds upon which it rests. To satisfy *Fed. R. Civ. P. 8(a)(2)* and survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Labor & Employment Law > ... > Retaliation > Statutory Application > Family & Medical Leave Act

Labor & Employment Law > Discrimination > General Overview

Labor & Employment Law > ... > Retaliation > Elements > General Overview

Labor & Employment Law > ... > Family & Medical Leaves > Scope & Definitions > General Overview

**HN4[] Statutory Application, Family & Medical Leave Act**

The Family and Medical Leave Act (FMLA) prohibits certain employers from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the FMLA. *29 U.S.C.S. § 2615(a)(2)*. Meanwhile, *Ohio Rev. Code Ann. § 4112.02* prohibits an employer from discriminating on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry. *§ 4112.02*. To state a retaliation claim under both the FMLA and *§ 4112.02*, an employee must establish that: (1) he was engaged in a protected activity; (2) the employer knew that the employee engaged in the protected activity; (3) the employer took an adverse employment action against the employee; and (4) there was a causal connection between the protected activity and the adverse employment action.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN5[] Motions to Dismiss, Failure to State Claim**

Although Twombly and Iqbal clarified that a complaint must state a plausible claim--not just a possible claim--the U.S. Court of Appeals for the Sixth Circuit has cautioned against reading Twombly and Iqbal so narrowly as to be the death of notice pleading. Rather than demanding highly specific factual allegations to satisfy this plausibility requirement, the district court should look to whether the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

Labor & Employment Law > ... > Age Discrimination > Evidence > Burdens of Proof

Labor & Employment Law > ... > Age Discrimination > Evidence > Circumstantial Evidence

Labor & Employment Law > ... > Age Discrimination > Evidence > Direct Evidence

*HN6*[] **Evidence, Burdens of Proof**

To prevail on a claim of age discrimination in violation of *Ohio Rev. Code Ann. § 4112.02*, an employee must prove discriminatory intent and may establish such intent through either direct or indirect methods of proof. A plaintiff may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

*HN7*[] **Motions to Dismiss, Failure to State Claim**

To survive a motion to dismiss, a plaintiff need not establish a prima facie case to satisfy the pleading standards, but rather he must only state a plausible claim in which the court can draw from the pleaded facts a reasonable inference that the defendant is liable for the misconduct alleged.

Business & Corporate Compliance > ... > Contract Formation > Consideration > Promissory Estoppel

Labor & Employment Law > Wrongful Termination > General Overview

*HN8*[] **Consideration, Promissory Estoppel**

To establish a claim of promissory estoppel, a plaintiff must show that (1) the employer made a clear, unambiguous promise; (2) the plaintiff relied on that promise; (3) the reliance was justifiable; and (4) the reliance caused detriment to the plaintiff. As for the first prong, according to Ohio law, the promise at a minimum not only must be sufficiently clear and unambiguous, but also must promise continued employment for a specific period. An employer's promise of continued employment until some unspecified date, such as death or retirement, does not satisfy this requirement.

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN9*[] **Amendment of Pleadings, Leave of Court**

The Federal Rules of Civil Procedure provide that a district court should freely give leave to amend when justice so requires, *Fed. R. Civ. P. 15(a)(2)*, however, this standard is tempered by countervailing interests such as avoiding undue delay, repeated failure to cure deficiencies, and futility.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN10*[] **Standards of Review, Abuse of Discretion**

An appellate court reviews a decision denying a motion to amend for an abuse of discretion.

**Counsel:** For NATIONAL EMPLOYMENT LAWYERS ASSOCIATION, AARP, Amicus Curiaes: Paul W. Mollica, Outten & Golden, Chicago, IL.

For EUGENE RHODES, Plaintiff - Appellant: Randolph H. Freking, Jonathan Britton Allison, Freking & Betz, Cincinnati, OH; Frank Paul Bland, Jr. Claire Patricia Mary Prestel, Law Office, Washington, DC.

For EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Amicus Curiae: Gail S. Coleman, U.S. Equal Employment Opportunity Commission, Office of General Counsel, Washington, DC.

For R&L CARRIERS, INC., R&L CARRIERS SHARED SERVICES LLC, STRATEGIC MANAGEMENT, LLC, Defendants - Appellees: Stephen L. Richey, Anthony C. White, Thompson Hine, Columbus, OH.

**Judges:** BEFORE: COLE, and McKEAGUE, Circuit

Judges; ZATKOFF, District Judge.*

**Opinion by:** COLE

## Opinion

**[*580]** COLE, Circuit Judge. Plaintiff-Appellant Eugene Rhodes appeals the district court's grant of the Defendants' motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6)* for failure to state a claim upon which relief can be granted. Defendants-Appellees R+L Carriers, **[**2]** Inc. contend that Rhodes's complaint failed to satisfy pleading standards and contained insufficient factual allegations to state a plausible claim to survive a motion to dismiss under *Rule 12(b)(6)*, as clarified by *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* and *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. Because Rhodes's amended complaint does plead sufficient factual allegations to support a plausible claim on three of its four causes of action, we AFFIRM the district court's dismissal of Rhodes's promissory estoppel claim, REVERSE the district court's dismissal of the remaining three claims, and REMAND for further proceedings.

I.

As this appeal arises from a motion to dismiss, we accept as true the well-pleaded facts from the Plaintiff's allegations in the Amended Complaint. In 2009, R&L Carriers ("R&L") hired Rhodes as their Senior Director of Human Resources. As a human resources professional with over **[*581]** thirty years' experience, Rhodes was hired to "cure a toxic workplace environment replete with systemic discrimination and other illegal conduct." When Rhodes accepted this position, he was informed that he could work for R&L until retirement as long as he "did a good job." As **[**3]** such, he left a "very good job" with another company in order to join the R&L team.

Soon after Rhodes joined R&L, he discovered numerous violations of state and federal laws and regulations relating to employment and employee benefits. Specifically, Rhodes contends that R&L unlawfully considered the sex, age, and disabilities of applicants when making hiring decisions. With regard to sex discrimination, Rhodes alleges that R&L refused to hire women to work on the loading dock, paid female sales employees lower base salaries than their male counterparts, and awarded raises to male employees, but not female employees. Additionally, R&L failed to enforce its internal policies, permitting existing sexual harassment to continue. As for age discrimination, Rhodes alleges that R&L reviewed the ages of applicants for employment and specifically rejected applicants based on their age and also set a maximum age limit for certain positions, including drivers. Furthermore, an Executive Vice President discussed at a meeting the need to lower the average age of the workforce to thirty-two years of age. With respect to disability discrimination, applicants were specifically rejected based on apparent **[**4]** potential benefits claims to R&L's health benefits plan or if the applicants were deemed overweight. Rhodes alleges that an Executive Vice President discussed the need to stop hiring overweight employees.

The amended complaint further alleges that once Rhodes was apprised of these violations, he objected to and opposed these practices, policies, and decisions. Rhodes alleges that he brought his concerns to the Vice Presidents of Human Resources and the Executive Vice Presidents and informed R&L that it needed to stop these practices and comply with employment and employee benefits laws. In July and August 2009, Rhodes placed his opposition in writing, voicing his concerns to the Vice Presidents of Human Resources and corporate counsel. Rhodes's efforts were unsuccessful: R&L management told Rhodes that the company did not intend to come into compliance with the laws "because R&L had never had to write a big enough check to justify compliance with the rules." On October 9, 2009, R&L terminated Rhodes. On his last day, Rhodes's immediate supervisor informed him that his performance had been "great."

On April 7, 2010, Rhodes filed a complaint against R&L as well as four individual defendants **[**5]** in the United States District Court for the Southern District of Ohio. The complaint raised four claims: (1) Family and Medical Leave Act ("FMLA") retaliation, (2) wrongful discharge in violation of public policy, (3) retaliation under Ohio Revised Code ("O.R.C.") *§ 4112.02*, and (4) age discrimination in violation of *O.R.C. § 4112.02*. R&L filed a motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6)* and, in response, Rhodes voluntarily dismissed the individual defendants as well as the claim for wrongful discharge in violation of public policy. Rhodes then filed a motion to amend his complaint to reflect these voluntary dismissals as well as to add a

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

promissory estoppel claim.

On August 17, 2010, the district court dismissed with prejudice all of Rhodes's claims against the individual defendants and the wrongful discharge in violation of public policy claim. Noting that leave to amend under *Federal Rule of Civil Procedure 15* should be freely granted when **[*582]** "justice so requires," the district court granted Rhodes's motion for leave to amend. The district court further advised Rhodes that his "complaint fails to allege facts that are sufficient to support a plausible claim of **[**6]** discrimination nor retaliation." The district court found that although Rhodes does not need to "plead a detailed outline of all of the facts and evidence that may support his claims, his current complaint lacks factual allegations that raise a plausible, as opposed to a possible, claim against any of the Defendants."

On August 31, 2010, Rhodes filed an Amended Complaint and R&L again filed a motion to dismiss. With R&L's motion to dismiss pending, Rhodes filed a motion for leave to amend to add federal claims for age discrimination. Rhodes sought leave to amend because on August 27, 2010, he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC")—a prerequisite to bringing federal claims for age discrimination and retaliation.

The district court granted R&L's motion to dismiss, dismissing all of Rhodes's claims with prejudice, and denied Rhodes leave to file a second amended complaint. In doing so, the district court noted that "the amended complaint suffers from most, if not all, of the same fatal flaws in the original complaint." The district court found Rhodes's amended complaint to lack sufficient factual allegations to give rise to a plausible claim **[**7]** against R&L and, therefore, found the amended complaint unable to withstand the pleading standards of *Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929*, and *Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868*. Among the factual deficiencies the district court noted, it pointed to Rhodes's failure to: plead the dates of the meetings when R&L representatives unlawfully discussed the use of age or disability in hiring decisions; identify the exact applicants and employees who were subject to unlawful employment practices; and describe "how or in what manner he 'opposed' any unlawful practice." Rhodes now appeals the district court's grant of R&L's motion to dismiss as well as the denial of his motion for leave to amend.

II.

***HN1***[] We review a district court's dismissal of a complaint under *Federal Rule of Civil Procedure 12(b)(6)* for failure to state a claim upon which relief can be granted de novo. *Keys v. Humana, Inc., 684 F.3d 605, 2012 WL 2505534, at *2 (6th Cir. 2012)*. ***HN2***[] Under the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. ***HN3***[] "[A] complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual **[**8]** allegations," however, it must assert sufficient facts to provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly, 550 U.S. at 555* (internal quotation marks and citations omitted) (second alteration in original). To satisfy *Rule 8(a)(2)* and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal, 556 U.S. at 678* (quoting *Twombly, 550 U.S. at 570*).

*A. Retaliation Claims*

Rhodes's amended complaint raises an FMLA retaliation claim and alleges that R&L retaliated against him in violation of *O.R.C. § 4112.02*. ***HN4***[] The FMLA prohibits certain employers from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by" the Act. *29 U.S.C. § 2615(a)(2)*. Meanwhile, *O.R.C § 4112.02* prohibits an employer from discriminating **[*583]** on the basis of "race, color, religion, sex, military status, national origin, disability, age, or ancestry . . . ." *Ohio Rev. Code § 4112.02*. To state a retaliation claim under both the FMLA and *O.R.C. § 4112.02*, Rhodes must establish that: (1) he was engaged **[**9]** in a protected activity; (2) R&L knew that Rhodes engaged in the protected activity; (3) R&L took an adverse employment action against Rhodes; and (4) there was a causal connection between the protected activity and the adverse employment action. *Donald v. Sybra, Inc., 667 F.3d 757, 761 (6th Cir. 2012)* (FMLA standard); *Watson v. City of Cleveland, 202 F. App'x 844, 855 (6th Cir. 2006)* (*O.R.C. § 4112.02* standard).

In support of these claims, Rhodes's amended complaint states that during his employment with R&L, he became aware of the company's "utter and conscious disregard for, and intentional violations of, multiple state and federal laws and regulations relating to employment and employee benefits." The complaint alleges that these violations included discriminating

against: women in hiring and salary; applicants based on "apparent potential for claims for [health] benefits;" overweight applicants; and applicants based on age by using their birth dates and setting maximum age limits for hires. Furthermore, the complaint states that employees "who took FMLA leave were not permitted to return to their positions following leave . . . ." Rhodes pleads that he objected to and opposed these **[**10]** practices, verbalizing his opposition to the Vice Presidents of Human Resources and the Executive Vice Presidents. The complaint also alleges that he placed his concerns in writing to both the Vice Presidents of Human Resources and corporate counsel. Finally, Rhodes pleads that several months after voicing his opposition to R&L's FMLA and *O.R.C. § 4112.02* violations, he was terminated, despite receiving an evaluation form his supervisor on Rhodes's last day saying that his performance at the company had been "great."

The district court found the complaint insufficient to satisfy *Twombly* and *Iqbal,* characterizing the pleading as full of "generalized and conclusory allegations." In discussing the complaint's deficiencies, the district court noted that Rhodes failed to provide: the dates of the meetings with the Vice Presidents of Human Resources; the names of applicants who were denied employment based on a discriminatory reason; and the names of employees who were not permitted to return to work following FMLA leave. The district court also demanded more detailed facts concerning R&L's "refusal to hire women on loading docks, how [Rhodes] may have learned about any particular unlawful **[**11]** hiring decision, and by whom any unlawful hiring decision may have been made. . . .[and] how and in what manner he 'opposed' any unlawful practice[s]."

The district court erred in demanding such detailed factual content to survive a motion to dismiss. While these facts may be critical ultimately to proving Rhodes's claims on a motion for summary judgment or at trial, to demand such detailed pleading at the motion to dismiss stage disregards "the continuing viability of the short and plain language of *Federal Rule of Civil Procedure 8*." *Keys, 684 F.3d 605, 2012 WL 2505534, at *4* (internal quotation marks and citations omitted). ***HN5***[] Although *Twombly* and *Iqbal* clarified that a complaint must state a plausible claim—not just a possible claim—this Court has cautioned against reading "*Twombly* and *Iqbal* so narrowly as to be the death of notice pleading . . . ." *Id.* (quoting *HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir. 2012))*. Rather than demanding highly specific factual allegations to satisfy this plausibility requirement, the district court should have looked to whether "the plaintiff **[*584]** plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable **[**12]** for the misconduct alleged." *Iqbal, 556 U.S. at 678*. "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys, 684 F.3d 605, 2012 WL 2505534, at *4*. The amended complaint allege R&L's various unlawful actions, Rhodes's opposition to these practices, and his termination mere months after expressing this opposition, despite the "great" work he performed while at the company. From these facts and the reasonable and necessary inferences that arise from them, we conclude that Rhodes has pleaded a plausible claim that R&L retaliated against him for opposing the company's unlawful employment and employee benefits practices.

*B. Age Discrimination Claim*

Rhodes's amended complaint raises an allegation of age discrimination in violation of *O.R.C. § 4112.02*. ***HN6***[] To prevail on such a claim, Rhodes "must prove discriminatory intent and may establish such intent through either direct or indirect methods of proof." *Dautartas v. Abbott Labs., 2012 Ohio 1709, 2012 WL 1344030, at *5 (Ohio Ct. App. 2012)* (internal quotation marks and citations omitted). "[A] plaintiff may establish a prima facie case of age discrimination directly **[**13]** by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Id.* (internal quotation marks and citations omitted) (alteration in original). Rhodes's pleadings include statements of R&L upper management directly concerning the role age may play in their hiring decisions. The amended complaint allege that R&L employees, including the Executive Vice President, "specifically stated in meetings that the average age of the workforce needed to be lowered to 32 years of age." Moreover, the complaint alleges that R&L set maximum age limits for particular positions and reviewed applicants' birth dates and "specifically rejected [applicants] for employment based on age." Rhodes's complaint also pleaded facts indicating his membership in the protected class, his qualifications for the position, and his termination despite his immediate supervisor's belief that he had done "great" work at the company.

Given the allegation that R&L employees made express statements regarding the unlawful use of age in the hiring process, we conclude that Rhodes has satisfied the plausibility requirement. HN7[] To survive a motion to dismiss, Rhodes need not **[**14]** establish a prima facie case to satisfy the pleading standards," *see* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), but rather he must only state a plausible claim in which the court can draw from the pleaded facts a "reasonable inference that the defendant is liable for the misconduct alleged." Keys, 684 F.3d 605, 2012 WL 2505534, at *2 (internal quotation marks and citation omitted). Rhodes's allegations, if true, could constitute direct discrimination and "discovery might uncover such direct evidence." Swierkiewicz, 534 U.S. at 512. Therefore, we find Rhodes's pleading of express statements indicating an unlawful and discriminatory use of age satisfies this standard and the complaint, therefore, survives the motion to dismiss.

*C. Promissory Estoppel Claim*

The fourth cause of action in Rhodes's amended complaint is a promissory estoppel claim, alleging that R&L breached its promise that Rhodes could remain employed by the company until retirement provided that he did "good work." R&L moved to dismiss this claim—a motion the district court granted—alleging **[*585]** both that the claim was factually deficient under the *Twombly* minimum pleading standards and that the cause of action failed to give rise **[**15]** to an actionable claim. We need not address R&L's allegation that the promissory estoppel claim was insufficiently pleaded under *Twombly,* for as a matter of Ohio law, this claim fails to state a claim upon which relief can be granted.

HN8[] To establish a claim of promissory estoppel, "a plaintiff must show that (1) the employer made a clear, unambiguous promise; (2) the plaintiff relied on that promise; (3) the reliance was justifiable; and (4) the reliance caused detriment to the plaintiff." O'Donnell v. Coulson, 40 F. Supp. 2d 446, 455 (N.D. Ohio 1998). As a matter of Ohio law, Rhodes cannot establish this first prong, and accordingly his complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As for this first prong, "[a]ccording to Ohio law, the promise at a minimum not only must be sufficiently clear and unambiguous, but also must promise 'continued employment for a specific period.'" *See* Steele v. Mara Ents., Inc., 2009 Ohio 5716, 2009 WL 3494847, at *3 (Ohio Ct. App. 2009). An employer's promise of continued employment until some unspecified date, such as death or retirement, does not satisfy this requirement. *See id.* (rejecting promissory estoppel **[**16]** claim because the promise was not clear and unambiguous where the employer promised the employee that "he would have a job with [the company] for as long as" the employer was alive"); Callander v. Callander, 2008 Ohio 2305, 2008 WL 2026431, at *7 (Ohio Ct. App. 2008) (noting that "discussions of future career developments or promises of future opportunities . . . are not sufficient to establish a promissory estoppel claim). As such, Rhodes's reliance on R&L's promise of employment until retirement is insufficient to state a claim for promissory estoppel under Ohio law and the district court properly granted R&L's 12(b)(6) motion.

*D. Motion to Amend*

As a final matter, Rhodes appeals the district court's denial of his motion for leave to amend his complaint, a second time, following the EEOC's issuance of a right-to-sue letter on federal claims of retaliation and discrimination under Title VII, the Age Discrimination in Employment Act, and the Americans with Disability Act. HN9[] The Federal Rules of Civil Procedure provide that a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), however, this standard is tempered by countervailing interests such **[**17]** as avoiding undue delay, repeated failure to cure deficiencies, and futility. Riverview Health Inst. LLC v. Med. Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). The district court denied Rhodes's motion to amend, finding these countervailing interests to outweigh the liberal leave to amend standard. HN10[] We review a decision denying a motion to amend for an abuse of discretion. *Id.*

The district court reasoned that leave to amend would be futile because Rhodes failed to "cure the pleading defects that led to the dismissal of his original complaint." Thus, the court determined that permitting Rhodes to file a second amended complaint would be futile because Rhodes again would likely fail to satisfy pleading standards. As the district court erred in dismissing Rhodes's amended complaint, it was further error and an abuse of the court's discretion to extend this erroneous and heightened pleading standard as a justification for denying leave to amend in this instance.

**[*586]** III.

The district court's grant of R&L's motion to dismiss is AFFIRMED in part and REVERSED in part.

---

End of Document