UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MUELLER, et al.,

                Plaintiffs,

v.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

                Defendants.

No. 22-cv-11448

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Dkt. 67)**

The Mueller Plaintiffs' lawsuit is one of several cases before this Court that derives from the tragic shooting executed by minor E.C. at Oxford High School in Oxford, Michigan on November 30, 2021 (Oxford cases).[1] Before the Court is the Mueller Plaintiffs' motion for reconsideration of this Court's order dismissing without prejudice their state-law claims against Defendant Acme Shooting Goods, LLC (Dkt. 67). For the reasons that follow, the Court denies the Mueller Plaintiffs' motion.[2]

**I. BACKGROUND**

The Mueller Plaintiffs brought four categories of claims: (i) state-created danger claims based in substantive due process under the Fourteenth Amendment against Defendant Oxford Community Schools and certain members of its staff (Oxford Defendants), see Am. Compl. ¶¶

---

[1] The Court refers to Plaintiffs in this case as the Mueller Plaintiffs. It refers to Plaintiffs in the Oxford cases collectively—including the Mueller Plaintiffs—as the Oxford Plaintiffs.

[2] Oral argument will not aid the Court's decisional process, so the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Plaintiffs' motion, the briefing includes Defendants' response (Dkt. 69).

221–268; (ii) a procedural due process claim under the Fourteenth Amendment seeking injunctive relief against the district's superintendent, id. ¶¶ 312–325; (iii) state-law claims against Oxford Defendants based on allegations of gross negligence and violations of the Michigan Constitution, id. ¶¶ 269–311; and (iv) state-law claims against Acme based on allegations of negligence, negligent entrustment, and public nuisance, id. ¶¶ 326–356.

The Mueller Plaintiffs' allegations against the Oxford Defendants relate to these Defendants purportedly enhancing the danger of a violent act by E.C. or inadequately responding to warning signs that E.C. might commit a violent act, based on his behavior at school and certain postings on social media. See, e.g., id. ¶¶ 104–178. The Mueller Plaintiffs' allegations against Acme relate to its supposed sale of the firearm used during the shooting through a "straw purchase" by E.C.'s father. See, e.g., id. ¶¶ 59–103. The Mueller Plaintiffs assert that this Court has supplemental jurisdiction over all of their state-law claims under 28 U.S.C. § 1367 because those claims "arise out of the same facts as the federal claims and all claims are part of the same case or controversy." Id. ¶ 3.

On January 25, 2023, certain Oxford Plaintiffs—including the Mueller Plaintiffs—jointly moved for the Court "to dismiss Plaintiffs' state law claims without prejudice to be refiled in state court." Mot. to Vol. Dismiss at 1 (Franz et al. v. Oxford Community School District, et al., No. 21-12871, Dkt. 118). The motion—filed in Franz et al. v. Oxford Community School District, et al., No. 21-12871—was brought "by all Plaintiffs alleging state law claims in federal court." Id. at 1 n.1. The motion specifically noted that the Mueller Plaintiffs moved for the relief requested, see id., and counsel for the Mueller Plaintiffs signed the motion, see id. at 6. The joint Franz motion made no distinction between any of the various state-law claims filed across the several suits. Rather, it stated: "Plaintiffs[] request that this Court grant the instant motion and allow

2

Plaintiffs to voluntar[il]y dismiss their state law claims without prejudice to be refiled in state court." Id. at 4.

The Court held a hearing on the joint motion. Counsel for all parties attended the hearing—i.e., counsel for Oxford Plaintiffs, counsel for Oxford Defendants, and counsel for Acme. At the hearing, no parties communicated to the Court that any Oxford Plaintiffs sought to dismiss certain state-law claims but not others.

The Court granted the joint Franz motion, see 3/15/23 Op. & Order (Franz, No. 21-12871, Dkt. 136), and, as requested, it dismissed without prejudice the Mueller Plaintiffs' state-law claims in this action, including all claims against Acme, see 3/15/23 Order (Dkt. 66).

The Mueller Plaintiffs then filed their present motion seeking to reinstate their claims against Acme.

## II. ANALYSIS

The Mueller Plaintiffs move for the Court to "reconsider" its dismissal of the Mueller Plaintiffs' "unique claims" against Acme, asking that the Court "reinstate the Amended Complaint . . . against Acme." Mot. for Recons. at 1–2. They submit that they "never intended to dismiss their state law claims against Acme by joining in the Franz motion." Id. at 7. The Mueller Plaintiffs assert that the "Court's order to dismiss the state[-]law claims against Acme was apparently based on some confusion, likely brought about because the Franz motion could have been more clearly worded to state definitively that it did not apply to the claims against Acme." Id.

The Mueller Plaintiffs consider the dismissal of their state-law claims against Acme to be a "mistake." Id. Noting that the Mueller Plaintiffs were the only Oxford Plaintiffs to assert claims against Acme, they submit that it "is apparent from the context in which the Franz motion was

3

made" that the motion "was intended by the Plaintiffs to apply <u>only</u> to the state law claims against the Oxford defendants common to both the <u>Mueller</u> Plaintiffs and other groups of plaintiffs who signed on to the <u>Franz</u> motion." <u>Id.</u> (emphasis in original). The <u>Mueller</u> Plaintiffs also argue that the <u>Franz</u> motion is "most properly interpreted as not applying to the <u>Mueller</u> claims against Acme" because the <u>Franz</u> motion referred to a state-law case "'dealing with . . . state[-]law claims'" that were "'identical'" to the claims the plaintiffs sought to dismiss through their joint motion, and that state-law case did not include any claims against Acme. <u>Id.</u> at 9 (quoting Mot. to Vol. Dismiss at 2) (emphasis modified).

Plaintiffs move under Federal Rule of Civil Procedure 60(b)(1) and E.D. Mich. Local Rule 7.1(h)(1). Mot. for Recons. at 1–2. Neither of these rules applies. Rule 60(b) allows for relief from "a <u>final</u> judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Court has not issued any final judgments or orders in this case, which still has live federal claims against the Oxford Defendants. <u>See</u> <u>Hewitt v. McCrary</u>, 387 F. Supp. 3d 761, 768 (E.D. Mich. 2019) (finding Rule 60(b) inapplicable where court had not issued final order, explaining: "In a case with multiple parties and claims, an order that disposes of fewer than all of those claims and parties is not deemed 'final.'") (punctuation modified). Similarly, Local Rule 7.1(h)(1) concerns "final orders or judgments." <u>See</u> E.D. Mich. LR 7(h)(1).

The proper basis for the <u>Mueller</u> Plaintiffs' request that the Court reconsider its order dismissing claims against Acme is Local Rule 7(h)(2), which allows for reconsideration of "non-final orders." E.D. Mich. LR 7(h)(2).[3] One ground on which a court can reconsider a non-final

---

[3] Seeking to construe Plaintiffs' request in the proper manner, the Court notes that Federal Rule of Civil Procedure 60(a) is also inapplicable. This rule allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The United States Court of Appeals for the Sixth Circuit has explained:

4

order is that apparently asserted by the Mueller Plaintiffs in their present motion: "The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7(h)(2)(A).

The Court, however, did not make a mistake. The Oxford Plaintiffs who joined the Franz motion asked the Court "to dismiss Plaintiffs' state law claims without prejudice," on behalf of "all Plaintiffs alleging state law claims." Mot. to Vol. Dismiss at 1, 1 n. 1; see also id. at 4. The Court did not err by interpreting this request to mean that the Oxford Plaintiffs sought to voluntarily dismiss all of their state-law claims. The Mueller Plaintiffs assert that it is "apparent" that they intended to voluntarily dismiss some state-law claims, but not others, Mot. for Recons. at 7, but the plain language of the Oxford Plaintiffs' request belies this assertion.

The Mueller Plaintiffs note that the joint Franz motion stated that Plaintiffs sought to dismiss state-law claims "identical" to those asserted in a state-court action, implying that the Court should have discerned that claims not identical to those in the state-court action were outside the scope of the Franz motion. But the Franz motion did not identify which state-court claims the

---

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination. . . . Stated differently, a court properly acts under Rule 60(a) when it is necessary to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of [the issuance of the mistaken judgment or order].

In re Walter, 282 F.3d 434, 440–441 (6th Cir. 2002) (punctuation modified, emphasis in original). Plaintiffs do not suggest that the Court made a mere clerical error; rather, they ask the Court to change its mind. Rule 60(a) does not apply in this circumstance. See id.

5

Oxford Plaintiffs considered identical, attach any materials from the state-court action, or even name the state-court case. See Mot. to Vol. Dismiss at 2. It was not a mistake for the Court—asked to dismiss the Oxford Plaintiffs' state-law claims—to decline to sift through unnamed state-court complaints to verify whether all Oxford Plaintiffs truly sought the request they described.[4]

Other factors reinforced the impression that the claims against Acme fell within the scope of the Franz motion. Counsel for both Acme and the Mueller Plaintiffs attended the hearing, indicating that the relief requested affected Acme. If the Mueller Plaintiffs believed that the scope of the Franz motion should have "been more clearly worded," Mot. for Recons. at 7, the hearing was their opportunity to offer clarification.

The appropriateness of this Court's dismissal of the state-law claims against Acme finds support in the distinct nature of these claims. The basis for the Court's jurisdiction over these claims is that they "are so related to claims in the action within [the Court's] original jurisdiction"—i.e., the substantive and procedural due process claims against Oxford Defendants—"that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But the connection between the claims against Acme and the due process claims is slim. The focus of the Mueller Plaintiffs' federal claims is the interaction of school officials with E.C. on the day of the shooting. The focus of the Mueller Plaintiffs' claims against Acme is a one-time commercial

---

[4] The Mueller Plaintiffs' other arguments are also unavailing. They observe that they were the only Oxford Plaintiffs to file claims against Acme. Mot. for Recons. at 7. Nonetheless, they willingly joined a motion seeking to dismiss "state-law claims," and it was no mistake of the Court's to conclude that all state-law claims were included. The Mueller Plaintiffs also note that the example state-law claims listed in the joint Franz motion were "'claims for Gross Negligence, violations of the Michigan Child Protection Act and violations of the Michigan Constitution'"—that is, not claims asserted against Acme. Mot. for Recons. at 9 (quoting Mot. to Vol. Dismiss at 2). But the Franz motion merely stated that these claims were "included" in the state-law claims it sought to dismiss; it did not assert that this list was exhaustive. Mot. to Vol. Dismiss at 2.

6

purchase of a firearm—unrelated to the federal claims except for the allegation that the firearm was used in the shooting.

The Mueller Plaintiffs contend that "[t]he state law claims against Oxford [Defendants] . . . are fundamentally different than the state[-]law claims asserted against Acme." Mot. for Recons. at 6 (noting that Oxford Defendants but not Acme can rely on governmental immunity defenses). However, the differences between the federal claims and the claims against Acme are even stronger. The state-law claims against Acme at least bear a resemblance to certain state-law claims against Oxford Defendants in that they are based on theories of negligence. Litigating in state court state-law claims based on negligence against multiple defendants makes some sense, given that the same doctrines will be applied and will draw upon the same jurisdiction's laws. Joining state-law negligence claims to federal claims based on separate legal theories and different core facts would not yield that advantage and, in fact, would make this case more complex by requiring litigation of an entirely separate transaction and occurrence. Thus, not only have the Mueller Plaintiffs failed to demonstrate that the Court made a mistake under E.D. Mich. LR 7(h)(2)(A); they have also failed to demonstrate that it would serve any useful purpose to join very disparate claims in this Court.

### III. CONCLUSION

For all of the above reasons, the Court denies the Mueller Plaintiffs' motion (Dkt. 67).

SO ORDERED.

Dated: May 12, 2023   s/Mark A. Goldsmith
   Detroit, Michigan   MARK A. GOLDSMITH
                                                   United States District Judge